UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM DOHERTY,

    Plaintiff,

v.                                                                Case No. 8:21-cv-454-KKM-AEP

INFUSERVE AMERICA INC.,

    Defendant.
_____/

## ORDER

Defendant Infuserve moves to dismiss William Doherty's pro se complaint. (Doc. 7). Doherty alleges two claims: strict liability based on a manufacturing defect (Count I) and strict liability based on failure to warn (Count II). *Id.* Liberally construing Doherty's claims as the Court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Infuserve's motion is denied.

First, Infuserve's argument that Doherty fails to identify a defect in his manufacturing-defect claim is unpersuasive. Doherty's theory is that, after January 1, 2017, Infuserve defectively manufactured Rocephin (ceftriaxone) by preparing the drug using uncleaned mixing vats and equipment and by preparing the drug near acid and other chemicals capable of burning human tissue, which presumably became mixed with Rocephin. *See* (Doc. 1 at ¶¶ 25, 27). That manufacturing defect resulted in severe side effects for Doherty, including extreme head pain and central nervous system damage. (*Id.* at ¶¶ 37, 39). Doherty has thus, at this stage, identified the defect: the

Defendant's drug contained some amount of acid.

Similarly, Infuserve's argument to dismiss Doherty's failure-to-warn claim (Count II) also falls short. To allege a failure-to-warn claim based on a drug, the plaintiff must allege (1) that the warnings accompanying the drug were inadequate; (2) the inadequate warnings proximately caused his injury; and (3) he suffered an injury by using the drug. *See Dye v. Covidien LP*, 470 F. Supp. 3d 1329, 1338 (S.D. Fla. 2020) (Ruiz, J.). Doherty sufficiently alleges that Infuserve gave his pharmacist inadequate warnings about the drug's side effects and that those failures resulted in him taking the drug and suffering severe side effects. *See* (Doc. 1 at ¶ 60). Further, Doherty alleges that Infuserve failed to include any warning in its drug's packaging or invoice. (Doc. 1 at ¶ 60). Dohety alleges that he suffered severe physical injuries because of Infuserve's failure to warn. (*Id.* at ¶ 64). These allegations, if true, state a claim for relief because they make it plausible that he might not have incurred injuries had the Defendant properly warned about consequences of the drug. *See Bailey v. Janssen Pharm. Inc.*, 288 F. App'x 597, 607 (11th Cir. 2008) ("Although it takes some piecing together, appellant established minimally sufficient factual allegations to support her claim for strict products liability under either a manufacturing or design defect avenue.").

Infuserve also argues that Doherty's failure-to-warn claim fails because pharmacists have no duty to warn about "any potential adverse reactions to the prescription absent specialized knowledge of the patient's medical history." (Doc. 7 at 10). This argument fails. Doherty alleges that he called Infuserve to discuss a price

2

increase to his drug. (Doc. 1 at ¶ 29). During that call, he spoke to someone who identified himself as Infuserve's lead pharmacist. (*Id.* at ¶ 30). During that call, the lead pharmacist never provided any warning about the drug's side effects. (*Id.*). As a result, Doherty plausibly alleges that Infuserve failed to warn him through its lead pharmacist about the drug's side effects. *See Buckner v. Allergan Pharm. Inc.*, 400 So. 2d 820, 822 (Fla. 5th DCA 1981) ("A [drug manufacturer] . . . does have a duty to warn but when the commodity is a prescription drug, we hold that this duty to warn is fulfilled by an adequate warning given to those members of the medical community lawfully authorized to prescribe, dispense[,] and administer prescription drugs.") (citations omitted); *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964–65 (11th Cir. 2021) (citing *Buckner*). Regardless, whether Infuserve's pharmacist had specialized knowledge of Doherty's medical history is a factual question not to be decided at the motion-to-dismiss stage. *See Powers v. Thobhani*, 903 So. 2d 275, 280 (Fla. 4th DCA 2005).

Infuserve's alternative motion for summary judgment is denied as premature because Doherty is entitled to conduct discovery on his claims. *See Reflectone Inc. v. Farrand Optical Co. Inc.*, 862 F.2d 841, 843 (11th Cir. 1989) ("As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.").

Accordingly, Infuserve's motion to dismiss (Doc. 7) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 9, 2021.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge