UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM DOHERTY,

    Plaintiff,

v.                                         Case No: 8:21-cv-0454-KKM-AEP

INFUSERVE AMERICA, INC.,

    Defendant.
_____

## ORDER

William Doherty medicated his Lyme disease with a drug from Infuserve America, Inc., for several years without incident. In February 2017, he started suffering "intolerable" pain after administering the drug and believes the pain was caused by the drug. He then sued Infuserve. Infuserve now moves to dismiss three of Doherty's six claims. Infuserve is correct that two of the claims must be dismissed, but Doherty sufficiently pleads the third claim. Accordingly, Infuserve's motion is granted in part.

I.    BACKGROUND

Doherty suffers from Lyme disease. (Doc. 49 ¶ 7.) He treats the disease with Rocephin, a drug created and distributed by Infuserve. (*Id.* ¶ 3.) He first started taking Rocephin and using Infuserve as his supplier in July 2014. (*Id.* ¶ 9.) For three years, he

used the drug without changing dosage, frequency, or method of administration and incurred no incident or "severe or adverse reaction." (*Id.* ¶¶ 10, 12.)

In January and February of 2017, Doherty suffered several frustrations with Infuserve and the onset of painful symptoms from Rocephin. Doherty later learned that, during these months, Infuserve's owner was traveling out of the country and "had not been in the United States to manage [Infuserve] for months." (*Id.* ¶ 17.)

First, in January 2017, Infuserve significantly changed the list of administrative staff on its website and, without giving Doherty notice, changed the price of the drug. (*Id.* ¶¶ 16, 22.) Doherty called Infuserve to ask about the price increase. The first person to speak with him "offered [Doherty] a lower rate if [he] was willing to purchase a larger quantity of the drug." (*Id.* ¶ 23.) Doherty told her he could not purchase larger quantities because of difficulties with storage and she transferred him to the "lead pharmacist." (*Id.* ¶ 24.) After Doherty explained to the pharmacist his displeasure with the unannounced price increase, the conversation became heated, and Doherty asked the pharmacist to put his order on hold. (*Id.*) Nonetheless, Doherty completed the order within a week. (*Id.* ¶ 25.)

Second, in February 2017, Doherty received a delivery of Rocephin. (*Id.* ¶¶ 26–28.) The drug was packaged in the same manner as previous deliveries, and he stored the drug in the same manner as he had stored previous batches. (*Id.* ¶ 28.) Between February 18

2

and February 22, Doherty self-administered the drug but stopped when he started suffering "severe symptoms." (*Id.* ¶ 31.) When Doherty went to an emergency room for treatment, he learned that his latest delivery of Rocephin had caused him to suffer "severe Central Nervous System" (CNS) damage. (*Id.* ¶¶ 33–34.) His symptoms included an increased heartrate, deafening ringing in his ears, and a burning sensation on his "face, skull, scalp, and eyes," as well as "hand tremors." (*Id.*) Or, in medical terms, optic neuritis, tachycardia, multicranial neuropathy, and "severe tinnitus." (*Id.* ¶ 34.)

When Rocephin is properly prepared, it does not cause CNS damage. (*Id.* ¶ 14.) Infuserve's website, however, notes that "hydrochloric acid is available and on hand at the location where [Rocephin is] compounded." (*Id.* ¶ 20.) And hydrochloric acid is used to clean "mixing vats or equipment used to prepare and manufacture [Rocephin]." (*Id.* ¶ 19.) If the vat and equipment is not "cleaned properly, such chemicals may adulterate or contaminate any medicine prepared in the vat or with the equipment." (*Id.*)

On February 24, 2021, Doherty sued Infuserve pro se, bringing claims of strict liability premised on Infuserve defectively manufacturing Rocephin and failing to warn Doherty. (Doc. 1 at 14, 17.) Later, Infuserve moved to dismiss Doherty's two counts, which the Court denied. (Doc. 7; Doc. 20.) Infuserve answered Doherty's complaint and Doherty obtained counsel. (Doc. 22; Doc. 26.) Infuserve then moved for judgment on the pleadings. (Doc. 30.) Doherty opposed the motion and moved to amend his complaint. (Doc. 31;

Doc. 43.) The motion to amend was granted and Doherty filed his Amended Complaint, mooting Infuserve's motion for judgment on the pleadings. (Doc. 48; Doc. 49; Doc. 50.)

In his Amended Complaint, Doherty brings six counts, including his previous strict liability claims as well as claims for breach of warranty, negligence, negligent misrepresentation, and "violation of consumer protection laws." (Doc. 49.) Infuserve now moves to dismiss three of Doherty's counts while denying liability on the remaining claims in its Answer. (Doc. 54; Doc. 55.) Doherty opposes Infuserve's motion to dismiss. (Doc. 64.)

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). When considering the motion, the court accepts all the factual allegations in the complaint as true and construes them in the light

most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Infuserve filed its answer minutes after moving to dismiss three of the counts in Doherty's Amended Complaint for failure to state a claim. Many district courts within the Eleventh Circuit consider a motion to dismiss for failure to state a claim that is filed contemporaneously with an answer to violate Rule 12(b)'s requirement that the motion be filed "before" a responsive pleading. *See, e.g., Caldwell v. Compass Ent. Grp. LLC*, No. 6:14-cv-1701, 2015 WL 12820412, at *2 (M.D. Fla. Feb. 23, 2015) (Mendoza, J.); *see also* FED. R. CIV. P. 12(b). However, these courts also treat such a motion to dismiss as a motion for judgment on the pleadings, which—when filed by the defendant—is subject to the same standard as a motion to dismiss. *See, e.g., Brisk v. City of Miami Beach*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) (Nesbitt, J.); *Thornton v. City of St. Petersburg*, No. 8:11-cv-2765, 2012 WL 2087434, at *2 (M.D. Fla. June 8, 2012) (Moody, J.); *see also Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) ("A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)."). Thus, regardless of whether Infuserve violated Rule 12(b) by filing both its motion to dismiss and answer in short succession, the applicable standard is the same. Because the resolution of this motion does not hinge on whether the motion is

5

treated as a motion to dismiss or a motion for judgment on the pleadings, the Court treats Infuserve's motion as a motion to dismiss.

### III.   ANALYSIS

Infuserve moves to dismiss Doherty's claims for breach of express warranty, negligent misrepresentation, and violation of consumer protection statutes. Doherty agrees that he inadequately pleads his breach of express warranty claim. Because Doherty fails to sufficiently plead his breach of express warranty and negligent misrepresentation claims, they are dismissed. But Doherty's claim for violation of consumer protection statutes survives.

#### A. Doherty Fails to Sufficiently Allege Breach of Express Warranty

To state a claim for breach of express warranty under Florida law, a buyer must "notify the seller of breach" "within a reasonable time after he . . . discovers or should have discovered [the] breach . . . or be barred from any remedy." 672.607(3)(a), Fla. Stat.; *accord Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977). Infuserve contends that Doherty's breach of express warranty claim must be dismissed because Doherty fails to allege notice. Doherty agrees that he "fail[s] to plead . . . the notice requirement." (Doc. 64 at 5.) Instead of dismissal of this claim, Doherty contends that he should be granted leave to amend his complaint.

Because Doherty places his request in a response to a motion, the request is denied and cannot prevent dismissal of his express warranty claim. To start, courts ordinarily give relief to parties only upon a motion. *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion."); *accord Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). And the requirement takes on additional force when the request is one for leave to amend a complaint, because motions to amend must "set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Newton*, 895 F.3d at 1277 (quotation omitted). Doherty did neither. Thus, because Doherty fails to allege that he gave Infuserve notice of the breach of warranty, Infuserve is entitled to dismissal of Doherty's claim for breach of express warranty.

### B. Doherty Fails to Sufficiently Allege Negligent Misrepresentation

Infuserve moves to dismiss Doherty's negligent misrepresentation claim, contending that he fails to allege with sufficient particularity the details of the misrepresentation. Doherty offers a list of purported misrepresentations that Infuserve conveyed to Doherty. Most of these purported misrepresentations contained no falsehood and thus cannot serve as the basis for his negligent misrepresentation claim. And the false representations that Doherty alleges that Infuserve conveyed cannot provide the basis for his claim because he fails to allege with particularity the circumstances surrounding the representations. Thus, Doherty's negligent misrepresentation claim fails.

7

Under Florida law, a plaintiff claiming negligent misrepresentation must allege—at a minimum—a "misrepresentation of material fact." *Arlington Pebble Creek, LLC v. Campus Edge Condo. Ass'n, Inc.*, 232 So. 3d 502, 505 (Fla. 1st DCA 2017). "[B]ecause negligent misrepresentation sounds in fraud," the misrepresentation and "the facts surrounding the [alleged misrepresentation] must be pled with [the] particularity" required in Federal Rule of Civil Procedure 9(b). *McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013) (per curiam) (applying Florida law); *accord Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019); *see also Ostreyko v. B. C. Morton Org., Inc.*, 310 So. 2d 316, 318 (Fla. 3d DCA 1975) ("In this state, a negligent misrepresentation is considered tantamount to actionable fraud."). Under Rule 9(b), a complaint must include (1) the precise statements or omissions the defendant made; (2) "'the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making)' each statement"; (3) the substance of the statements and how "they misled the plaintiff"; and (4) "what the defendants obtained as a consequence of the fraud." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1159 (11th Cir. 2019) (quotations omitted).

Doherty contends that he alleges misrepresentations with particularity. But most of the representations he offers contain no allegations of falsehood and thus cannot serve as the basis of his negligent misrepresentation claim. First, Doherty alleges that Infuserve's

8

owner was out of the country when Infuserve produced the problematic batch of Rocephin. But Doherty fails to allege that Infuserve stated that its owner would remain in the United States while producing the February batch of Rocephin—or that Infuserve made any representations about its owner's travel whatsoever. Moreover, even if such a representation were made, it remains unclear why that amounts to a *material* fact concerning the production of Rocephin. Second, Doherty alleges that he discussed his medication "with a completely new staff that he was not familiar with." (Doc. 64 at 7.) This allegation fails because who Doherty happened to speak with on a phone call is not a representation from Infuserve. Third, Doherty alleges that Infuserve suddenly raised the price for Rocephin without giving him notice. (*Id.*) But Doherty fails to explain with particularity how this failure constituted a misrepresentation. For example, he never alleges that Infuserve stated that its price would not change or that it would always give its customers a certain amount of notice before raising their prices. Regardless, Doherty does not explain how he was misled by the price increase. *See Crawford's Auto Ctr.*, 945 F.3d at 1159. Fourth, Doherty alleges that he "had a heated conversation with someone new who identified [himself] as the 'lead pharmacist' days before ordering" the problematic batch of Rocephin. (Doc. 64 at 7.) He also alleges that he asked the lead pharmacist why the price increased, and the pharmacist became "apoplectic," requiring Doherty to hang up and not order the Rocephin.

9

(*Id.* at 8.) But Doherty fails to allege any misrepresentations from that lead pharmacist, much less with the requisite particularity required.

Next, Doherty argues that Infuserve negligently misrepresented the danger of CNS damage from Rocephin by failing to warn him of the danger. Liability for negligent misrepresentation by omission attaches only when the defendant owes the plaintiff a duty of disclosure. *See City of Dunedin v. Pirate's Treasure, Inc.*, 255 So. 3d 902, 905 (Fla. 2d DCA 2018) (dismissing a negligent misrepresentation claim because the defendant owed no duty to "convey accurate information"). Doherty fails to allege that Infuserve owed him a duty but neither Doherty nor Infuserve discuss this element in their briefing. Nonetheless, Doherty's claim fails because he fails to allege this omission with particularity. A particularized allegation of misrepresentation through omission must allege who made the misrepresentation and when they made it. *See Crawford's Auto Ctr.*, 945 F.3d at 1159. Here, the closest Doherty comes to alleging a who and when is his allegation that, when he first began taking Rocephin, he spoke to a pharmacist from Infuserve who "never warned" him of CNS. But Doherty fails to allege with any particularity how he was misled through that conversation. Doherty fails to surmount Rule 9(b)'s hurdle. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010) (explaining that Rule 9(b) requires a plaintiff to "allege the manner in which [he was] misled by the [defendant]");

10

*Crawford's Auto Ctr.*, 945 F.3d at 1159 ("None of Plaintiffs' allegations . . . identify the manner in which these alleged statements misled Plaintiffs." (alterations adopted)).

Next, Doherty alleges that Infuserve misrepresented that it properly manufacturers Rocephin "in the course of [Infuserve's] business as designers, manufacturers, and distributors." (Doc. 49 ¶ 71.). But he fails to allege with any specificity who, where, or when Infuserve made such a representation. Thus, that allegation lacks the necessary details required under Rule 9(b).

Finally, Doherty contends that his negligent misrepresentation claim should not be dismissed because the batch of Rocephin that caused his suffering appeared identical to the previous batches. (Doc. 64 at 8.) To the extent that he relies on that allegation to establish that Infuserve misrepresented through its packaging that it manufactured the disputed batch of Rocephin in an identical manner as its previous batches, the allegation permits no such plausible inference. Doherty must allege with particularity how the packaging misled him. He fails to do so, and the Court may not assume representations not alleged to have been made.

Doherty fails to allege with the requisite particularity a material misrepresentation from Infuserve or how that statement misled him. His negligent misrepresentation claim is dismissed.

### C. Infuserve Fails to Show Dismissal of Doherty's Consumer Protection Claim Is Warranted

In Doherty's sixth claim, he alleges that Infuserve violated consumer protection statutes by engaging in unfair and deceptive conduct. Infuserve moves to dismiss, arguing that Doherty failed to identify the statute under which he brought his claim and that Doherty failed to allege fraud with particularity. Neither argument succeeds.

As a starting matter, the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). Here, although the Amended Complaint alleges somewhat vaguely that Infuserve's conduct violated federal and state consumer protection statutes, it provides Infuserve sufficient notice that the claim rests on the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). After all, the federal consumer protection statute does not give Doherty a private right of action, so the claim must be under Florida law. Further, Doherty consistently alleges that Infuserve committed unfair and deceptive practices, which is clearly a reference to FDUPTA. "Although Count [VI's] passing references to these authorities may be an 'imperfect statement of the legal theory,' the cited authorities do provide a legal theory, and thus Rule 8 does not require dismissal." *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (quoting *Johnson*, 574 U.S. at 11).

12

Infuserve next contends that Doherty's claim must be dismissed for failure to plead with the requisite particularity. Rule 9(b)'s application is not confined to claims specifically for fraud. It also applies to allegations of fraudulent behavior when a plaintiff relies on such allegations to bring other causes of action. *See Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 n. 11 (11th Cir. 2022) (subjecting an unjust enrichment claim premised on a fraudulent promise to Rule 9(b)). As such, allegations of non-fraudulent activity must be pleaded with particularity when they are "part and parcel of a larger fraud." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006). Thus, where a plaintiff brought a claim of unjust enrichment premised on a fraudulent promise, the plaintiff was required to plead with particularity the other facts that made up the "larger fraud." *See id.* But Rule 9(b) does not purport to burden plaintiffs with pleading with particularity non-fraudulent conduct when that conduct is not "part and parcel" of a larger fraud.

According to Infuserve, Doherty's claim raises fraud, subjecting the claim to Rule 9(b)'s rigors. Infuserve is right that Doherty's FDUTPA claim alleges that Infuserve engaged in fraudulent activity, requiring those allegations to be pleaded with particularity. For example, Doherty alleges that Infuserve "[a]dvertis[ed] goods or services with the intent not to sell them as advertised." (Doc. 49 ¶ 79.) But Infuserve fails to address whether Rule 9(b)'s requirements attach to Doherty's allegation that Infuserve committed an unfair

13

trade practice, an allegation that does not implicate fraud. Because those allegations need not be alleged with particularity and because Infuserve fails to raise any argument as to the sufficiency of Doherty's FDUTPA claim as premised on Infuserve's allegedly unfair conduct, its motion to dismiss Doherty's FDUTPA claim is denied.

Here, Doherty alleges that Infuserve "had actual knowledge of the defective and dangerous condition of Rocephin and failed to take any action to cure" the defects. (Doc. 49 ¶ 89.) Whether Infuserve knew of Rocephin's defective condition and failed to rectify it is not an allegation of fraudulent conduct. *See Fraud*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A knowing misrepresentation or knowing concealment of a material fact."); *accord In re Graybill*, 806 F. App'x 920, 924 (11th Cir. 2020) (per curiam) (citing Black's Law Dictionary to define "fraud"). Nor is such conduct "part and parcel" of Infuserve's other allegedly fraudulent activity, where it misrepresented the "characteristics, ingredients, uses, benefits, or quantities" of its goods and services and advertised goods "with the intent not to sell them as advertised." *Wagner*, 464 F.3d at 1278; (Doc. 49 ¶ 79). After all, Infuserve could fail to rectify Rocephin's defective condition while still not misrepresenting its defects. Thus, Rule 9(b) does not require Doherty to allege Infuserve's failure to fix Rocephin's defects with particularity.

Infuserve raises no argument that Doherty's allegation of Infuserve's unfair trade practice is insufficient to state a claim for FDUTPA under the standard pleading rules of

14

Federal Rules of Civil Procedure 8 and 10. Accordingly, the only arguments that Infuserve raises for dismissal of Doherty's FDUTPA claim fail.

## IV. CONCLUSION

Infuserve moves to dismiss three of Doherty's six claims. Infuserve succeeds as to Counts II and V—for express warranty and negligent misrepresentation—but fails as to Count VI—for violation of FDUTPA. Accordingly, Infuserve's motion to dismiss is **GRANTED-IN-PART.** (Doc. 54.) Counts II and IV are **DISMISSED.** Infuserve must file an amended responsive pleading to address Count VI no later than **August 12, 2022**.

**ORDERED** in Tampa, Florida, on August 2, 2022.

Kathryn Kimball Mizelle
United States District Judge